# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY LOUIS HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-404-DRH |
| | ) |
| UNITED STATES MARSHAL SERVICE, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, a federal inmate currently confined at the Marion County Law Enforcement Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and for alleged violations of 18 U.S.C. § 4013(d)(3). For relief, Plaintiff seeks damages. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**BACKGROUND**

Before turning to the allegations of the instant complaint, the Court finds it useful to recount the following background information. Plaintiff is currently serving a federal sentence after being convicted, in the United States District Court for the Eastern District of Missouri, of conspiracy to commit social security fraud, misuse of a social security number, aiding and abetting the misuse of a social security number, and aggravated identity theft. *See United States v. Hines*, 472 F.3d 1038, 1039 (8th Cir. 2007).

At the present time, Plaintiff is also charged with possessing contraband by an inmate; possession with intent to distribute marijuana; and conspiracy to distribute marijuana and heroin for acts that allegedly occurred while Plaintiff was confined at the United States Penitentiary in Marion, Illinois (USP-Marion). *See United States v. Hines*, No. 3:08-cr-30040-MJR (S.D. Ill.). In his pending criminal case, Plaintiff has elected to proceed without benefit of counsel - although the Court has appointed Plaintiff stand-by counsel. *Id.* On May 2, 2008, based on Plaintiff's actions and statements in his pending criminal case, the Honorable Michael J. Reagan, United States District Judge, found reasonable cause to believe that Plaintiff suffered from a mental disease or defect which rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id.* (Order

Continuing Trial & Ordering Psychiatric Evaluation, dated May 2, 2008). Accordingly, pursuant to 18 U.S.C. § 4241, Judge Reagan ordered that a psychiatric and/or psychological evaluation of Plaintiff be conducted. *Id*. As of the date of this Order, the mental evaluation appears to have been completed, but Judge Reagan has yet to hold a hearing concerning Plaintiff's mental fitness as it relates to his criminal case.

The instant *pro se* complaint was filed on June 4, 2008, approximately one month after Judge Reagan found reasonable cause to believe that Plaintiff suffered from a mental disease or defect.. It is against this background that the Court now turns to the allegations of the complaint.

## THE COMPLAINT

Plaintiff's complaint concerns events that occurred at Williamson County Jail and at Perry County Jail while Plaintiff was awaiting proceedings in his pending criminal case.

Plaintiff states that he was confined at Williamson County Jail from March 11, 208 to March 21, 2008. Plaintiff asserts that during this time he was housed "in a cell block void of [a] functional fire plan, law library, running water" and that he was denied "the minimum 5 [hours] of outside recreation." Plaintiff claims that these conditions violated his Eighth Amendment rights.

Liberally construing the complaint, it appears that Plaintiff was transferred from Williamson County Jail to Perry County Jail on March 21, 2008. Plaintiff alleges that for the first approximately 15 days, he was forced to sleep on the floor at the Perry County Jail. Thereafter, it appears that Plaintiff was given a bed. Plaintiff claims, however, that on May 25, 2008, a person referred to only as "Chuck" placed Plaintiff in the "Detox Center" for 3 days. Plaintiff alleges that while in the "Detox Center" he was forced to sleep on the floor, that he was deprived of a shower, and that he was provided water (for flushing the toilet) only when staff felt like giving him some. Plaintiff

3

contends that "Chuck" (not named as a defendant in this action) put him in the "Detox Center" in retaliation for Plaintiff speaking out about the conditions of confinement. In addition to being placed in the "Detox Center," Plaintiff asserts that he has been transferred from one cell block to another at Perry County Jail in retaliation for "speaking against overcrowding" at the jail. Plaintiff claims that he was denied his Eighth Amendment rights.

Finally, it appears that while confined at Perry County Jail, Plaintiff sought treatment for a broken tooth and a spider bite. It appears that Plaintiff was informed by jail staff that he would be required to pay $20 for his doctor visits. Plaintiff asserts: (1) that he was not advised of the charge for doctor visits as required by 18 U.S.C. § 4103(d)(3) and (2) that the $20 charge is excessive under 18 U.S.C. § 4103(d)(1)(B). Plaintiff contends that his Fifth and Eighth Amendment rights were violated.

**DISCUSSION**

**A. Claims against the United States Marshal Service.**

Because the United States Marshal Service is a federal agency it is not amenable to suit under 42 U.S.C. § 1983 which provides a remedy only for violations of federal rights when the violation is committed by a person operating under color of state law. *See* 42 U.S.C. § 1983. Although an individual federal agent may be held liable for damages for his unconstitutional conduct, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal agencies are not liable for damages for unconstitutional conduct. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Accordingly, Plaintiff's claims against the United States Marshal Service must be dismissed pursuant to 28 U.S.C. § 1915A.

**B. Claims concerning Williamson County Jail..**

Plaintiff's claims concerning events that occurred at the Williamson County Jail should also be dismissed pursuant to 28 U.S.C. § 1915A. After dismissing the United States Marshal Service for this action, the only remaining defendants are Keith Kellerman, identified as the "Sheriff/Warden" for Perry County Jail; and Doug Clark, identified as a major for the Perry County Jail. It is axiomatic that Perry County Jail officials would exercise no control over events at the Williamson County Jail. Without some indication that an unusual set of affairs existed that would upset this accepted principle, Plaintiff is not entitled to an inference that jail officials in Perry County are liable for actions taken at Williamson County Jail some distance away. Accordingly, Plaintiff's claims concerning events that occurred at Williams County Jail should be dismissed because the defendants in this action are not personally and directly responsible for matters allegedly occurring there.

**C. Claims concerning Perry County Jail**.

Assuming, without deciding, that the allegations of Plaintiff's complaint concerning events at Perry County Jail would rise to the level of a violation of Plaintiff's Eighth, First, or Fifth Amendment rights, his claims against the remaining two defendants - Keith Kellerman and Doug Clark - should still be dismissed pursuant to 28 U.S.C. § 1915A "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Other than alleging that Defendant Kellerman

5

is the "Sheriff/Warden" of Perry County Jail, the complaint is silent as to Defendant Kellerman's involvement in the alleged constitutional violations.

Exhibits attached to the complaint purport to be grievances Plaintiff submitted to Defendant Clark. In addition, Plaintiff states that he complained "verbally to Sheriff." Such after-the-fact knowledge of the asserted constitutional violations is not sufficient to hold these two Defendants liable for the alleged violations. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

**D. Claims concerning 18 U.S.C. § 4013.**

Title 18 U.S.C. § 4013(d)(1) provides that "a State or local government" housing "United States prisoners" may "assess and collect a reasonable fee from the trust fund account . . . of a Federal prisoner for health care services" if several conditions are met. No fee, however, may be assessed until 30-days after notice of such fees has been given to the prisoner. 18 U.S.C. § 4013(d)(3). No remedy is specified in § 4013 if a fee for health care services is assessed in a manner not specified in § 4013. And the Court doubts that violations of § 4013 give rise to a private cause of action. The Court, however, need not resolve whether § 4013 creates a private cause of action in favor of an aggrieved federal prisoner. Even if a private cause of action were created, that action would be against the State or local entity that assessed and collected the fee, not against these individual defendants.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are **DENIED** as moot. Plaintiff is

6

advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** February 16, 2009.

/s/ David R Herndon
**DISTRICT JUDGE**